ALBERT REED *vs.* INHABITANTS OF SCITUATE.

The defence that an action for work and labor was prematurely commenced is not open unless set up in the answer; and if the declaration contains two counts, the first of which is founded upon a special contract by the terms of which nothing was due at the commencement of the action, and the second is a general count for work and labor, the defendant cannot avail himself of the contract in defence to the second count, unless he sets it up in the answer.

In an action to recover for work done in building a highway, in which it is material to prove that the work was done in good faith, a certificate delivered by the chairman of the county commissioners to the plaintiff that the highway had been graded and worked to their acceptance, is incompetent.

CONTRACT to recover for work done by the plaintiff in building a highway in Scituate. The writ was dated September 4, 1860. The first count alleged that the plaintiff agreed to build the road for a certain price, according to specifications furnished by the defendants and annexed to the declaration, which consisted of certain specifications of the county commissioners, to which the defendants added others, providing among other things that "one half of the money will be paid for construction when the road is completed, the remainder within sixty days." The second count was a general count for work and labor done in building the road. The portion of the answer which is now material was as follows:

"And as to the second count in plaintiff's writ, the defendants

are ignorant personally, but on information and belief they deny that they are indebted to the plaintiff in any sum of money whatever for the building of any road as set forth, or in any manner whatever. And the defendants will require the plaintiff to prove each and all of the allegations in both of said counts, except as to the making of the contract set forth and annexed, and all facts necessary to make out their case — admitting the road described to be within the limits of their town, and that the same was put out by their selectmen to the plaintiff to be built, but deny acceptance by the county commissioners or selectmen, or that the same was completed according to the terms and conditions of said agreement."

At the second trial in the superior court, before *Russell,* J., after the decision reported in 5 Allen, 120, the judge ruled that the evidence was insufficient to sustain the first count. It appeared that the work done by the plaintiff was completed by the 4th of August 1860, and the defendants thereupon contended that the second count could not be sustained either for the whole or any part of the stipulated compensation, and that the plaintiff was not entitled to maintain any action until the expiration of sixty days from the completion of the work; but the judge ruled that this defence was not open under the answer.

It further appeared that when the plaintiff had completed his work he notified the county commissioners thereof, and afterwards Mr. Southworth, their chairman, delivered to the plaintiff the certificate copied in the former report of the case, under the circumstances there stated. The defendants objected to the admission of this certificate, but the judge ruled that it was admissible to prove good faith on the part of the plaintiff; and it was read to the jury accordingly. The question of the plaintiff's good faith was in controversy between the parties.

Other questions arose, which are now immaterial. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*E. Ames & P. Simmons,* for the defendants.

*A. L. Cushing,* (*J. E. Keith* with him,) for the plaintiff.

CHAPMAN, J. The second count in the declaration is general, and alleges that the defendants owe the plaintiff a certain sum for work and labor in building the road described. The answer to this count is extremely inartificial; but in substance it requires the plaintiff to prove the allegations contained in the count. There is a clause added to it " admitting the road described to be within the limits of their town, and that the same was put out by their selectmen to the plaintiff to be built." The latter part of this admission relates to nothing that the plaintiff had alleged in that count, and is wholly immaterial.

Under this answer the defendants contended that the work was done under a special contract, and that by the terms of the contract the first half of the compensation or price for the work was not payable until sixty days after the road was completed, which was subsequent to the commencement of the action. The defendants' object was to show that the action was brought prematurely. The court are of opinion that this evidence was properly excluded. It was a substantive matter of defence, which ought to have been set forth in the answer to that count, if the defendants intended to rely upon it. *Van Buren* v. *Swan*, 4 Allen, 380.

The defendants contend that, as the first count sets forth a special contract, they are thereby enabled to set up that contract in answer to the second count without alleging it in their answer. But the two counts are entirely separate; and there must be an answer which applies to both, or a sufficient answer to each.

If the plaintiff himself, in making out his case, found it necessary to prove the special contract, with the alleged time of payment, perhaps the defendants might have taken advantage of the evidence; but no such fact appears.

The instruction as to the acceptance of the way by the defendants or their selectmen may not be precisely correct; but the point is not material.

In the case of *Hayward* v. *Leonard*, 7 Pick. 181, which is the leading case on this subject, the work was done under a special

contract, which it was admitted had not been fully performed. There had been no waiver of the contract or acceptance of the work ; and the case was not put to the jury on the ground of waiver or acceptance, but on the ground that the work was of some value or benefit to the defendants.    This was the ground on which the plaintiff recovered ; the court remarking, however, that the work must be done in good faith.    In *Smith* v. *First Cong. Meeting-House in Lowell,* 8  Pick. 178, this principle was affirmed and the plaintiff recovered, though there had been neither waiver of the express contract, nor acceptance of the work.    In the case of *Snow* v. *Ware,* 13  Met. 42, where the court first applied this principle to work done in constructing a highway which the town was obliged to build under an order of the county commissioners, the plaintiffs were held entitled to recover, though the road had not been accepted by the town or by the county commissioners.    There was evidence in that case of the use of the road by the public ; and although the committee of the town had refused to accept the work, yet they did not object that it was not performed within the time agreed upon ; and the jury were instructed that they might consider whether the stipulation as to time was not waived.    But the instruction " that the action might be maintained, although the contract had not been performed according to its terms, provided the plaintiffs had, in good faith, done what they believed to be a compliance with the terms of the contract, and had rendered a benefit to the defendants," was sustained by the court, without reference to waiver or acceptance.    The benefit to the town is, that the work relieves them from the payment of so much money that they would otherwise be compelled to expend to make the road in compliance with the order of the commissioners.

The doctrine held in this commonwealth on this subject is different from that which is held in England.    *Munro* v. *Butt,* 8 El. & Bl. 738.    But it is well established here.

For the purpose of proving good faith on the part of the plaintiff, he offered in evidence a certificate signed by Mr. Southworth, the chairman of the commissioners, addressed to the

selectmen of Scituate, and stating that the road had been graded and worked to the acceptance of the commissioners. It was not contended that this was an official document. It was in fact a mere declaration *in pais*, and was clearly inadmissible, standing on the same ground with ordinary hearsay evidence. But it was admitted ; and as the point to which it related, being the question of good faith, was material, the exception to its admission must be sustained.